## COMMON PLEAS COURT

No. 150

**ZUCKERMAN v. CANTOR**

Montgomery Common Pleas
No. 56647. Decided Nov. 22, 1926

257. COMMISSIONS—The law will not imply an obligation to pay a real estate Commission in the face of the statute requiring a promise or contract to pay a commission to be in writing; and it will not permit a suit to be brought on a quantum meriut basis.

First Publication of this Opinion

McCRAY, J.

Meyer Zuckerman brought suit against Harvey Cantor, and the question before the court is whether a real estate agent can recover compensation for his services as a broker upon a quantum meruit basis, notwithstanding the provisions of 8621 GC. Cantor demurred to Zuckerman's petition, and the court in sustaining the demurrer held:

1. The words of 8621 GC. "Nor upon an agreement, promise or contract to pay any commission for or upon the sale of an interest in real estate", cannot be misunderstood.

2. When one person requests another to perform work of a sort for which compensation is customary, and the latter does perform it for him, there is an implied agreement or promise that reasonable compensation shall be paid therefor.

3. References show the importance of the word "promise" as used by legislatures in the amendment; and there is a right to assume that its use here was with the same meaning that is usually given to the word in connection with the general subject matter of contract. Prugh v. Shroyer, Mont. Com. Pl., and Becker v. Keifer, Dayton Muni., approved and Saxe v. Kreklery, Ham. Com. Pl., criticized; 30 OS. 184, explained.

4. Statutes are to be read and considered in the light of and with reference to the rules and principles of the common laws in force at their enactment. Where particular words or phrases have, in law, acquired a fixed legal signification, the legal presumption is that the legislature meant to use them in the legal sense. 81 OS. 79; 87 OS. 130 at 138; 27 OS. 63. The object of the statute, and the mischief against which it was designed to guard, will be taken with consideration in determining its meanng. 14 OS. 80, at 87; 45 OS. 439, at 443.

5. To permit recovery upon the quantum meruit or upon an implied contract would be to defeat the purpose of the statute and supply by implication a contract which the statute expressly says may only be proven by written evidence.

6. The law will not imply an obligation to pay a commission in the face of the statute requiring a promise or contract to pay a commission to be in writing.—It will not permit a suit to be brought upon a quantum meruit basis.

7. The use of the words "agreement, promise or contract" in the enactment of 8621 GC. have covered every possible legal relationship by which a person could recover compensation for services in the sale of real estate.

8. The Legislature in the enactment of this section did not say what kind of a promise. It said a promise, which as it is here written means all kinds. The purpose of the agreement is to prevent recovery unless the promise is in writing.

Demurrer sustained.